**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

   v.                            **Crim. Action No.: 2:20-CR-26-3
(Judge Kleeh)**

**BETTY ARLENE CHAPMAN,**

        **Defendant.**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
CONCERNING PLEA OF GUILTY IN FELONY CASE [DKT. NO. 212],
ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

On April 26, 2021, the Defendant Betty Arlene Chapman ("Chapman"), appeared before United States Magistrate Judge Michael J. Aloi and moved for permission to enter a plea of **GUILTY** to Count Four of the Indictment, charging her with Possession with Intent to Distribute Five (5) Grams of Methamphetamine – Aiding and Abetting, in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii). This Court referred Defendant's plea of guilty to the magistrate judge for the purpose of administering the allocution, pursuant to Federal Rule of Criminal Procedure 11, making a finding as to whether the plea was knowingly and voluntarily entered, and recommending to this Court whether the plea should be accepted. Chapman stated that she understood that

USA v. CHAPMAN                                                    2:20-cr-26

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE [DKT. NO. 212], ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

the magistrate judge is not a United States District Judge, and Chapman consented to pleading before the magistrate judge.

Based upon Defendant Chapman's statements during the plea hearing and the Government's proffer establishing that an independent factual basis for the plea existed, the magistrate judge found that Defendant Chapman was competent to enter a plea, that the plea was freely and voluntarily given, that she was aware of the nature of the charges against her and the consequences of her plea, and that a factual basis existed for the tendered plea. The magistrate judge issued a *Report and Recommendation Concerning Plea of Guilty in Felony Case* ("R&R") [Dkt. No. 212] finding a factual basis for the plea and recommending that this Court accept Defendant Chapman's plea of guilty to Count Four of the Indictment.

The magistrate judge **released** Defendant Chapman to on the terms of the Order Setting Conditions of Release. [Dkt. Nos. 31 and 211].

The magistrate judge also directed the parties to file any written objections to the R&R within fourteen (14) days after service of the R&R.  He further advised that failure to file objections would result in a waiver of the right to appeal from a

2

**USA v. CHAPMAN**                                                                 2:20-cr-26

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE [DKT. NO. 212], ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

judgment of this Court based on the R&R.  Neither the Defendant nor the Government filed objections to the R&R.

Accordingly, this Court **ADOPTS** the magistrate judge's R&R [Dkt. No. 212], provisionally **ACCEPTS** Defendant Chapman's guilty plea, and **ADJUDGES** her **GUILTY** of the crime charged in Count Four of the Indictment.

Pursuant to Fed. R. Crim. P. 11(c)(3) and U.S.S.G. § 6B1.1(c), the Court **DEFERS** acceptance of the proposed plea agreement until it has received and reviewed the presentence investigation report prepared in this matter.

Pursuant to U.S.S.G. § 6A1 et seq., the Court **ORDERS** the following:

1.   The Probation Officer shall undertake a presentence investigation of Chapman, and prepare a presentence investigation report for the Court;

2.   The Government and Defendant Chapman shall each provide their narrative descriptions of the offense to the Probation Officer by **May 31, 2021;**

3.   The presentence investigation report shall be disclosed to Defendant Chapman, counsel for Defendant, and the Government on or before **July 30, 2021;** however, the Probation Officer shall not

3

**USA v. CHAPMAN** 2:20-cr-26

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE [DKT. NO. 212], ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

disclose any sentencing recommendations made pursuant to Fed. R. Crim. P. 32(e)(3);

4.   Counsel may file written objections to the presentence investigation report on or before **August 13, 2021**;

5.   The Office of Probation shall submit the presentence investigation report with addendum to the Court on or before **August 23, 2021**; and

6.   Counsel may file any written sentencing memorandum or statements and motions for departure from the Sentencing Guidelines, including the factual basis for the same, on or before **September 13, 2021.**

The Court further **ORDERS** that prior to sentencing, counsel for Defendant review with her the revised Standard Probation and Supervised Release Conditions adopted by this Court on November 29, 2016, pursuant to the standing order entered by Chief Judge Groh, In Re: Revised Standard Probation and Supervised Release Conditions, 3:16-MC-56.

The Court will conduct the **Sentencing Hearing** for Defendant on **October 15, 2021,** at **2:00 P.M.**, at the **Elkins, West Virginia** point of holding court.  If counsel anticipates having multiple witnesses or an otherwise lengthy sentencing hearing, please

4

**USA v. CHAPMAN** 2:20-cr-26

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE [DKT. NO. 212], ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

notify the Judge's chamber staff so that an adequate amount of time can be scheduled.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: May 17, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE